**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

CHANEL, INC.,

Plaintiff,

vs.

CAREN CHAU d\b\a CHLOE'S BAGZZ
and DOES 1-10,

Defendants.

_______________________________________/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Chanel, Inc., a New York corporation ("Plaintiff" or "Chanel"), hereby sues Defendants, Caren Chau d\b\a Chloe's bagzz and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through Craigslist.org operating under the seller identification name Chloe's bagzz (the "Seller ID") and via text messaging using a telephone number associated with the Seller ID. In support of its claims, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, and common law unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). Accordingly, this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Chanel's state law claim because that claim is so related to the federal claims that it forms part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers within the State of Florida and this district through at least Craigslist.org and text messaging.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are causing harm within this district. Defendants have also advertised, offered for sale and sold infringing products to consumers in Florida.

**THE PLAINTIFF**

4. Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this district. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods, including, but not limited to, handbags under multiple world famous common law and Federally registered trademarks including those identified in Paragraph 15 below. Chanel offers for sale and sells its trademarked goods within this district. Defendants' sales of counterfeit and infringing Chanel branded products are causing damage to Chanel within this Jurisdiction. Chanel regularly enforces its intellectual property rights and authorized that this action be brought in its name.

5. Like many other famous trademark owners in the luxury goods sector, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming

public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Chanel name and trademarks and the destruction of the legitimate market sector in which it operates.

6. In order to combat the harm caused by the actions of Defendants and others engaging in similar conduct, each year Chanel expends millions of dollars in connection with trademark enforcement efforts, including investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment which requires Chanel to file a massive number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to the Chanel brand.

## THE DEFENDANTS

7. Defendant Caren Chau is an individual who, upon information and belief, resides at 2320 Millstream Lane San Ramon CA 94582. Defendant Chau conducts pervasive business throughout the United States, including within this district.

8. Chanel is presently unaware of the true names of Does 1-10 although they are generally identified as Defendant Chau's partners, suppliers, and/or co-conspirators. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

9. Defendants are the past and present controlling forces behind the sale of counterfeit and infringing Chanel branded products as described herein.

10. Upon information and belief, Defendants directly engage in unfair competition with Chanel and engage in the advertisement, offering for sale and sale of goods bearing counterfeits and infringements of one or more of Chanel's trademarks to consumers within the

United States and this district through at least the Seller ID and the associated phone number, 925-705-9774. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and shipment of counterfeit Chanel-branded goods into the State.

11. Defendants have registered, established or purchased, and maintained the Seller ID and the associated telephone number used to complete illegal transactions by text messaging. Upon information and belief, Defendants have registered and maintained the Seller ID for the sole purpose of engaging in illegal counterfeiting activities.

12. Upon information and belief, Defendants will continue to engage in the offering for sale and sale of goods using counterfeit and confusingly similar imitations of Chanel's trademarks unless preliminarily and permanently enjoined.

13. Defendants' entire businesses amount to nothing more than an illegal operation established and operated in order to infringe the intellectual property rights of Chanel.

14. Defendants' business name, i.e., the Seller ID, associated telephone number, and any other alias seller identification names and phone numbers used in connection with the sale of counterfeit and infringing goods bearing or under Chanel's trademarks are essential components of Defendants' illegal activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Chanel.

## COMMON FACTUAL ALLEGATIONS

**Plaintiff's Business and Trademark Rights**

15. Chanel is the owner of all rights, including common law rights, in and to the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | (Int'l Class: 18) Women's handbags |
| CHANEL | 1,733,051 | November 17, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| | 1,314,511 | January 15, 1985 | (Int'l Class: 18) - Leather Goods-Namely, Handbags |
| | 1,734,822 | November 24, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |

The Chanel Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories identified above.

16. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags and other goods for an extended period of time and serve as symbols of Chanel's quality, reputation, and goodwill.

17. The Chanel Marks are well-known and famous and have been for many years. Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18. Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality handbags and other goods and has carefully monitored and policed the use of the Chanel Marks. Chanel has spent millions of dollars promoting the Chanel Marks and products bearing the Chanel Marks. In recent years, annual sales of products bearing the Chanel Marks have totaled in the hundreds of millions of dollars within the Unites States.

19. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing or sold under the Chanel Marks, as being high quality luxury goods sponsored and approved by Chanel.

20. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags and other goods.

21. The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

22. Chanel has carefully monitored and policed the use of the Chanel Marks and has never assigned or licensed the Chanel Marks to any of the Defendants in this matter.

23. Genuine goods bearing the Chanel Marks are widely legitimately advertised and promoted by Chanel, its authorized distributors and unrelated third parties via the Internet.

**Defendants' Infringing Activities**

24. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using counterfeit and infringing trademarks which are exact copies of the Chanel Marks, including, without limitation, handbags (the "Counterfeit Goods") through at least the Seller ID. Specifically, upon information and belief, Defendants are using identical copies of the Chanel Marks for different quality goods. Chanel had used the Chanel Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

25. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Chanel's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Chanel despite Defendants' knowledge that they are without authority to use the Chanel Marks. The net effect of Defendants' actions will cause confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

26. Defendants advertise their Counterfeit Goods for sale to the consuming public via Craigslist.org using at least the Seller ID. In so advertising these goods, Defendants use the Chanel Marks without Chanel's permission. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks is the proximate cause of damage to Chanel.

27. Upon information and belief, Defendants are targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit.

28. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29. Defendants' use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

30. Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

31. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods, which there is not.

32. Chanel has no adequate remedy at law.

33. Chanel is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Chanel Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

34. The harm and damages sustained by Chanel have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT**

35. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, sale and offering for sale of the Counterfeit Goods.

37. Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, handbags using counterfeits and infringements of one or more of the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell, at least, handbags.

38. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

39. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Chanel and are unjustly enriching Defendants at Chanel's expense.

40. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Chanel has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

42. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

43. Defendants' Counterfeit Goods offered for sale and sold using copies of the Chanel Marks have been widely advertised and distributed throughout the United States.

44. Defendants' Counterfeit Goods offered for sale and sold using copies of the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, Defendants' Counterfeit Goods are different and inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

45. Defendants, upon information and belief, have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of

such designations of origin and such descriptions and representations, all to the detriment of Chanel.

46. Defendants have authorized infringing uses of the Chanel Marks, in Defendants' advertisement and promotion of their counterfeit and infringing Chanel-branded products. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

47. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

49. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

50. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Florida's common law of unfair competition.

51. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using counterfeits and infringements of the Chanel Marks.

52. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

53. Chanel has no adequate remedy at law and is suffering irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

54. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a. Entry of preliminary and permanent injunctions pursuant to Federal Rule Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods

sold by Defendants, including, without limitation, handbags; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

b. Entry of an Order requiring the Seller ID and its associated phone number (925-705-9774), and any other alias seller identification names or associated phone numbers being used and/or controlled by Defendants to engage in the business of marketing, offering to sell and/or selling goods using counterfeits and infringements of the Chanel Marks be disabled and/or, at Chanel's election, immediately transferred by Defendants to Chanel.

c. Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting and unfairly competitive activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

d. Entry of an award of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

e. Entry of an Order requiring all funds, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Seller ID or other alias seller identification or ecommerce store names used by Defendants presently or

in the future, including PayPal, Inc., and any other financial institution, bank, and/or payment processing accounts, to be surrendered to Chanel in partial satisfaction of the monetary judgment entered herein.

f. Entry of an award of pre-judgment interest on the judgment amount.

g. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: February 8, 2016.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net

Attorneys for Plaintiff CHANEL, INC.